# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KATIE L. EVANS,

    Plaintiff,                                          Case No. 6:23-cv-00987

v.

ENHANCED RECOVERY COMPANY,
LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff KATIE L. EVANS ("Plaintiff"), by and through the undersigned, complains as to the conduct of ENHANCED RECOVERY COMPANY, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* and under the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statue § 559.55 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.   Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

### PARTIES

5.   Plaintiff is a natural person over 18-years-of-age and, at all times relevant, resided in Daytona, Florida, within the Middle District of Florida.

6.   Defendant is engaged in the business of collecting debts, as reflected on its website.[1] Defendant collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, from consumers across the country, including from those in the state of Florida. Defendant is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

---

[1] https://ercbpo.com/

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

8.  The instant action arises out of Defendant's attempts to collect upon a purported consumer debt ("subject consumer debt") that Plaintiff does not owe.

9.  Prior to the actions giving rise to the claims herein, Plaintiff was a victim of identity theft, and filed a police report accordingly.

10. Based on information and belief, Plaintiff's identity theft perpetrator illegally created the subject consumer debt in Plaintiff's name, without her consent.

11. Upon further information and belief, after the subject consumer debt was purportedly in default due, the subject debt was placed with Defendant for collection purposes.

12. Thereafter, Plaintiff noticed that Defendant was reporting the subject consumer debt on her credit report, also seeking collection of the same.

13. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject consumer debt.

14. Defendant was informed that Plaintiff was a victim of identity theft and that the subject consumer debt was not hers.

15. However, Defendant proceeded with trying to collect upon the subject consumer debt from Plaintiff all the same.

16. Defendant attempted to settle the subject consumer debt despite being informed that Plaintiff did not owe the same.

17. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that she did not owe the subject consumer debt.

18. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, increased blood pressure, and numerous violations of Plaintiff's state and federally-protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its

regularly uses the mail and/or the telephone to collect, or attempt to collect,

delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business

of collecting or attempting to collect, directly or indirectly, defaulted debts owed or

due, or asserted to be owed or due, to others.

25. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it

arises out of a transaction due or asserted to be owed or due to another for personal,

family, or household purposes.

### a. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from

using "any false, deceptive, or misleading representation or means in connection

with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal
> status of any debt . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to
> collect or attempt to collect any debt or to obtain information
> concerning a consumer." 15 U.S.C. § 1692e(10).

34. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) through its

misleading and deceptive attempts to collect a debt from Plaintiff which she does

5

not owe. Defendant did so by reporting the subject consumer debt on Plaintiff's credit report.

35. Further, Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) by trying to settle the subject consumer debt in Plaintiff's name despite being informed that it was seeking to collect upon the subject consumer debt from the wrong person. Defendant was plainly made aware that Plaintiff was not the intended target of its collection efforts, yet Defendant persisted in its efforts to collect the subject consumer debt from Plaintiff all the same. Defendant's efforts in the face of the information provided by Plaintiff illustrates the extent to which Defendant's collection efforts were designed to deceptively compel Plaintiff's payment on a debt which she did not owe.

**b. Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconsciably attempted to collect on a debt from Plaintiff, which she never owed.

WHEREFORE, Plaintiff, KATIE L. EVANS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

6

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37.  Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

38.  At all times relevant to this Complaint, Plaintiff, was and is a natural person and is a "consumer" as defined by Florida Statute § 559.55(8).

39.  At all times relevant to this action Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

40.  At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt, as defined by Fla. Stat. §§559.72 and 559.51(1).

7

41. At all times material hereto, the subject consumer debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

42. A person violates § 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engages in other conduct which can reasonably be expected to abuse or harass the debtor.

43. Defendant violated § 559.72(7) of the FCCPA when it sought to collect upon the subject consumer debt from Plaintiff, which she did not owe. Defendant's actions show that it was its specific goal to harass, abuse, and annoy Plaintiff enough to induce her into making a payment, even after Defendant was informed that Plaintiff did not owe the subject consumer debt.

WHEREFORE, Plaintiff, KATIE L. EVANS, requests that this Honorable Court enter judgment in her favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial, pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Awarding Plaintiff equitable relief including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: May 30, 2023                              Respectfully Submitted,

                                                 */s/ Alexander J. Taylor*
                                                 Alexander J. Taylor, Esq.
                                                 Florida Bar No. 1013947
                                                 *Counsel for Plaintiff*
                                                 Sulaiman Law Group, Ltd
                                                 2500 South Highland Avenue
                                                 Suite 200
                                                 Lombard, IL 60148
                                                 Telephone: (331) 272-1942
                                                 ataylor@sulaimanlaw.com